```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARLON JONES,                                           :
                        Plaintiff,                      :
v.                                                      :       MEMORANDUM OPINION
                                                        :       AND ORDER
DR. LESLIE MALIN, ANTHONY ANNUCCI,                      :
CHERYL MORRIS, MICHAEL CAPRA,                           :       15 CV 5381 (VB)
HASAN A. MU'MIN, SERGEANT MALAVI,                       :
WILLIAM KEYSER, and WATCH                               :
COMMANDER OF SING SING                                  :
CORRECTIONAL FACILITY ON 11-29-13,                      :
                        Defendants.                     :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Marlon Jones, a former inmate at Sing Sing Correctional Facility ("Sing Sing") who identifies as an adherent of the Shi'a branch of Islam, brings this action pro se and in forma pauperis under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, alleging defendants violated his right to free exercise of religion while he was incarcerated at Sing Sing.

Defendants have moved to dismiss under Rule 12(b)(6). (Doc. #32). For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor.[1]

Plaintiff alleges that between November 2013 and October 2014, defendants denied his free exercise rights on four occasions.

---

[1] These alleged facts are taken from the complaint and plaintiff's opposition to the motion to dismiss, and from the documents attached to both.

1

First, plaintiff claims he was prevented from attending Shi'a Jumu'ah prayer services on Friday, November 29, 2013, because the building in which the services were normally held was closed and no alternate area was designated. He claims he asked defendant Sergeant Malavi to call the Watch Commander but Malavi refused, saying "the Watch Commander said the building [is] closed so that's that." The building had been closed because of the Thanksgiving holiday the day before. Although defendants concede an alternate area for Shi'a services should have been provided, that was not done on this occasion. Defendant William Keyser was Sing Sing's Acting Superintendent at the time.

Plaintiff's second claim is that he was prevented from participating in a Shi'a Eid ul-Fitr prayer service (which occurs the day after the last day of Ramadan) on July 28, 2014, because an "event package" was submitted too late for Sing Sing to accommodate the request. According to plaintiff, defendant Hasan A. Mu'Min, the Coordinating Chaplain at Sing Sing, failed to submit the request forty-five days before the event, as required by prison regulations, and the request was then submitted by several inmates only one day before the event. Because it was late, defendant Dr. Leslie Malin, Sing Sing's Deputy Superintendent of Programs, denied the request.

Plaintiff's third claim is that he was prevented from participating in an Eid ul-Fitr Family Day Event on August 2, 2014. According to the complaint, the statewide Department of Corrections and Community Supervision ("DOCCS") Religious Holy Day Calendar scheduled the Six Days of Shawwal Fast (which is an optional fast that occurs in the month after Ramadan) for August 1 through August 6, 2014. But because the August 2 Eid ul-Fitr Family Day Event entailed the consumption of food and drink, which made it incompatible with the Shawwal Fast, the Shi'a community requested that the Shawwal Fast be re-scheduled for August 3 to August 8. In Malin's absence, another prison administrator approved the request, but when Malin returned

from vacation, she changed the start date back to August 1 because the prison did not have the authority to modify the published statewide Holy Day calendar. As a result, plaintiff could not participate in the Family Day Event on August 2.

Plaintiff's fourth claim is that from August to October 2014, he was prevented from attending Shi'a Jumu'ah prayer services held separately from Sunni Jumu'ah prayer services. According to the complaint, beginning in May 2012, separate Shi'a services had been held at Sing Sing as a result of the settlement of an unrelated lawsuit. But when the only Sing Sing inmate who had been a plaintiff in the separate lawsuit decided he no longer wanted to partake in separate Shi'a services, defendants Cheryl Morris (DOCCS's Director of Ministerial, Family, and Volunteer Services), Michael Capra (the Sing Sing Superintendent), and Malin decided to suspend separate Shi'a services on the ground that such separate services were no longer required by the settlement. The last separate Shi'a service was held on August 15, 2014. However, on October 17, 2014, Capra and Malin reversed that decision, and Shi'a Muslims were thereafter permitted to conduct separate Jumu'ah services.

Plaintiff was released from custody in November 2015.

## DISCUSSION

I.   Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court evaluates the sufficiency of the complaint under the "two-pronged approach" announced by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Because plaintiff is proceeding pro se, the Court must construe his submissions liberally and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).  "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted).  Nor may the Court "invent factual allegations [plaintiff] has not pled." Id.

II.     Claims Against Annucci

Plaintiff does not allege any facts showing how defendant Anthony Annucci, the Acting Commissioner of DOCCS, was personally involved in the events at issue.  Plaintiff's claims against Annucci are therefore dismissed. Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

III.    Claims for Injunctive Relief

Because plaintiff has been released from prison, his claims for injunctive and/or declaratory relief are moot. Pugh v. Goord, 571 F. Supp. 2d 477, 489 (S.D.N.Y. 2008).

Moreover, only injunctive relief is available under RLUIPA. Id. at 507-09. Therefore, plaintiff's claims for injunctive relief under Section 1983 and RLUIPA are dismissed.

IV.     Free Exercise Claims

"Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion."[2] O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal citation omitted). To state a free exercise claim, plaintiff "must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." Salahuddin v. Goord, 467 F.3d 263, 274-75 (2d Cir. 2006).[3]

An inmate's "right to practice his religion is, however, not absolute." Salahuddin v. Coughlin, 993 F.2d 306, 308 (2d Cir. 1993). Corrections facilities may restrict religious exercise so long as such restrictions are "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. at 349. Thus, even if plaintiff can establish defendants substantially burdened his right to religious exercise, he cannot state a free exercise claim if defendants can show "the disputed official conduct was motivated by a legitimate penological interest." Salahuddin v. Goord, 467 F.3d at 276.

---

[2] The First Amendment's free exercise guarantee applies to state actors through the Fourteenth Amendment. Cantwell v. Connecticut, 310 U.S. 296, 303 (1940).

[3] In determining whether a plaintiff has made this threshold showing, the Court may not "question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds." Ford v. McGinnis, 352 F.3d 582, 597 (2d Cir. 2003) (internal quotation marks omitted). The Court's "scrutiny extends only to whether a claimant sincerely holds a particular belief and whether the belief is religious in nature." Id. at 590 (internal quotation marks omitted); accord Jackson v. Mann, 196 F.3d 316, 321 (2d Cir. 1996) ("Free Exercise protection turns on whether [beliefs] are 'sincerely held,' not on . . . 'ecclesiastical question[s].'").

A.     First Claim

Plaintiff has not plausibly alleged defendants "substantially burdened" his right to free exercise by preventing him from attending Shi'a Jumu'ah prayer services on Friday, November 29, 2013. As a matter of law, "missing one religious service does not constitute a substantial burden on an inmate's right to the free exercise of his religion." Gill v. DeFrank, 2000 WL 897152, at *1 (S.D.N.Y. July 6, 2000), aff'd 8 F. App'x 35 (2d Cir. 2001).[4]

B.     Second Claim

Likewise, plaintiff has not alleged a free exercise claim based on the fact that he was unable to participate in a Shi'a Eid ul-Fitr prayer service on July 28, 2014. Again, "missing one religious service does not constitute a substantial burden on an inmate's right to the free exercise of his religion." Gill v. DeFrank, 2000 WL 897152, at *1. Moreover, as a matter of law, the requirement that an "event package" be submitted well in advance of the event is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. at 349. Here, the event package was submitted one day before the event.

C.     Third Claim

As to plaintiff's third claim – that he was prevented from participating in an Eid ul-Fitr Family Day Event on August 2, 2014, because it conflicted with the Six Days of Shawwal Fast scheduled pursuant to DOCCS Religious Holy Day calendar – plaintiff has again failed plausibly to allege a free exercise claim. First, plaintiff was able to participate fully in the Shawwal Fast; at most, he had to forego the Family Day Event. As a matter of law, missing that one-day event does not constitute a substantial burden on plaintiff's religious beliefs. Moreover, the restriction was reasonably related to legitimate penological interests because it was based on the published

---

[4] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

statewide Religious Holy Day calendar. It was certainly reasonable for Malin to rely on the statewide calendar in this instance.

      D.      Fourth Claim

However, plaintiff's fourth claim – that he was prevented from attending religious services from August to October 2014 – does plausibly state a free exercise claim. First, "[i]t is well established that prisoners have a constitutional right to participate in congregate religious services." Salahuddin v. Coughlin, 993 F.2d at 308. Denying an inmate congregate religious services over a prolonged period "substantially burdens" that right. See Salahuddin v. Goord, 467 F.3d at 277. Thus, the allegation that plaintiff was prevented from participating in religious services for two months plausibly constitutes a substantial burden on plaintiff's right to free exercise.

Defendants contend that even if he could not participate in separate Shi'a Jumu'ah services, plaintiff could have participated in other Shi'a-specific religious events, and that, in any event, plaintiff could have participated in non-sectarian Jumu'ah services offered to all Muslims at Sing Sing. Defendants also contend they acted in furtherance of legitimate penological interests in suspending the separate Shi'a services for two months. At the same time, defendants acknowledge they reversed their position in October 2014, and once again authorized Shi'a Muslims to conduct their own separate worship services in the room they had previously utilized.

Here, defendants have not yet articulated a particular penological interest that was served by denying plaintiff access to Shi'a religious services for two months, which would be necessary for defendants to prevail on the instant motion. Young v. Coughlin, 866 F.2d 567, 570 (2d Cir. 1989); accord, Harris v. Lord, 957 F. Supp. 471, 475 (S.D.N.Y. 1997) (denying motion to

dismiss because "[d]efendants assert no reason, compelling or otherwise, as to why plaintiff was denied access to attend her religious services").

At this stage of the case, and absent a more complete record, the Court cannot conclude as a matter of law that the two-month suspension of Shi'a Jumu'ah services does not state a free exercise claim. If, after discovery, defendants move for summary judgment, the Court will reconsider the matter.

V.     Qualified Immunity

Qualified immunity shields government officials from damages suits "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A qualified immunity defense is established if "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998).

After discovery, and based on a more complete record, the Court may well decide it was objectively reasonable under all the relevant circumstances for defendants to believe that denying plaintiff congregate religious services for two months did not violate his right to free exercise of religion. Accordingly, the Court will defer until then the question of whether defendants are entitled to qualified immunity.

**CONCLUSION**

The motion to dismiss is GRANTED as to plaintiff's first, second, and third claims, as well as to his claims under RLUIPA and for injunctive relief.

The motion to dismiss is DENIED as to plaintiff's fourth claim. Thus, the only surviving claim is that from August to October 2014, plaintiff was prevented from attending separate Shi'a Jumu'ah prayer services.

The Clerk is instructed to terminate the motion. (Doc. #32).

The Clerk is further instructed to terminate defendants Anthony Annucci, Hasan A. Mu'Min, Sergeant Malavi, William Keyser, and "Watch Commander of Sing Sing Correctional Facility on 11-29-13."

By separate order, the Court will schedule an initial conference.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: March 13, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge