```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARLON JONES,                                          :
                    Plaintiff,                         :
                                                       :        OPINION AND ORDER
v.                                                     :
                                                       :        15 CV 5381 (VB)
DR. LESLEY MALIN, CHERYL MORRIS,                       :
and MICHAEL CAPRA,                                     :
                    Defendants.                        :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Marlon Jones, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 for violation of his First Amendment right to free exercise of religion against defendants Superintendent ("Supt.") Michael Capra of Sing Sing Correctional Facility ("Sing Sing"), Sing Sing Deputy Supt. of Programs Dr. Lesley Malin, and former New York State Department of Corrections and Community Supervision ("DOCCS") Director of Ministerial, Family and Volunteer Services Cheryl Morris.

Before the Court is defendants' motion for summary judgment.  (Doc. #53).

For the reasons set forth below, the motion is DENIED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

The parties have submitted briefs, declarations with exhibits, and statements of material facts pursuant to Local Civil Rule 56.1, which reflect the following factual background.

According to defendants, on January 28, 2010, DOCCS entered into a settlement agreement that provided for separate Jumu'ah (Friday noon services) for adherents of Sunni and

1

Shi'a Islam (the "Settlement Agreement").[1] Section 5(c) of the Settlement Agreement requires DOCCS to provide separate Jumu'ah for Shi'a inmates when at least five self-identified Shi'a Muslim inmates, one of whom must be an inmate who was a party to the Settlement Agreement, desire separate Jumu'ah.

During the times relevant to this action, plaintiff was incarcerated at Sing Sing. Plaintiff attended separate Shi'a Jumu'ah at Sing Sing until August 15, 2014, when Sing Sing suspended the separate service. After plaintiff complained, Supt. Capra explained in a letter to plaintiff that DOCCS's Office of Family, Ministerial and Volunteer Services directed Sing Sing to discontinue separate Shi'a Jumu'ah because the only Sing Sing inmate who was a party to the Settlement Agreement no longer desired to participate in the separate service. According to Morris, the Office of Family, Ministerial and Volunteer Services "understood that, because the requirements of the [Settlement Agreement] were no longer met, the separate Jumu'ah services for Shi'a inmates at Sing Sing were no longer required." (Morris Decl. ¶ 15).

Sing Sing continued to offer weekly Jumu'ah open to Muslim inmates of all sects, as well as classes for Shi'a Muslims on Friday nights and Saturday afternoons. According to plaintiff, he did not attend the joint Jumu'ah because he believed his religion did not permit a Shi'a Muslim to attend a Sunni service.

At the same time, Sing Sing officials deliberated over whether Sing Sing could continue to provide separate Shi'a Jumu'ah, "given that the inmate who had been a party to the

---

[1] Defendants purport to attach the Settlement Agreement to the Declaration of Michael J. Keane as Exhibit B. Instead, defendants attached a Decision & Order, dated December 11, 2000, from New York Supreme Court, Appellate Division, in Cancel v. Goord, Dkt. No. 1999-09862 (2d Dep't), which is not a settlement agreement and does not contain any of the information defendants claim it contains. Nonetheless, because it does not affect the Court's decision, the Court assumes the truth of defendants' description of the Settlement Agreement from their statement of material facts.

[Settlement Agreement] remained in the facility, and given that the administrative and security obstacles to providing separate services for Shi'a inmates had been addressed and overcome when Sing Sing had first instituted such services." (Morris Decl. ¶ 18).

On October 17, 2014, Sing Sing permitted its Shi'a inmates to resume separate Jumu'ah. According to Morris, "It was decided that the separate Jumu'ah services for Shi'a inmates could resume, without jeopardizing the safety and security of the prison and obstructing the smooth administration of the facility." (Morris Decl. ¶ 19).

Plaintiff initiated this action on July 8, 2015, and was released from DOCCS's custody on November 19, 2015. On July 10, 2017, plaintiff testified he attended a Sunni Jumu'ah since he was released.

Plaintiff seeks monetary damages for the interruption in separate Shi'a Jumu'ah from August 15 to October 17, 2014.

**DISCUSSION**

I.  Legal Standard

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby,

3

Inc., 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. at 323. If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal citations and quotation marks omitted). The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him. Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper. See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82–83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial. Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II.     Free Exercise Claim

Defendants argue plaintiff fails as a matter of law to state a First Amendment free exercise claim based on cancelling separate Shi'a Jumu'ah from August 15 to October 17, 2014.

The Court disagrees.

"Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal citations omitted). "It is well established that prisoners have a constitutional right to participate in congregate religious services." Salahuddin v. Coughlin, 993 F.2d 306, 308 (2d Cir. 1993) (internal citations omitted). To prove a violation of his First Amendment right to free exercise of religion, an inmate must show "at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." Salahuddin v. Goord, 467 F.3d 263, 274–75 (2d Cir. 2006) (internal citation omitted). "The defendants then bear the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct." Id. at 275. Finally, the inmate must show the articulated concerns were irrational. Id.

Here, there are genuine issues of material fact regarding whether cancelling separate Shi'a Jumu'ah substantially burdened plaintiff's sincerely held beliefs. "Sincerity is an issue for the factfinder." Pugh v. Goord, 571 F. Supp. 2d 477, 498 (S.D.N.Y. 2008) (citing Patrick v. LeFevre, 745 F.2d 153, 157 (2d Cir. 1984)). Moreover, according to plaintiff, his only option

once separate Shi'a Jumu'ah was cancelled was to attend Sunni services that he believed were forbidden by his Shi'a faith.

Defendants argue plaintiff's religious beliefs were not substantially burdened because plaintiff attended a Sunni mosque after he was released. The Court is not persuaded. Plaintiff testified the Sunni service he attended after he was released, unlike the Sunni service offered at Sing Sing, was "all inclusive." (Keane Decl. Ex. A at 159). Thus, there is still a genuine issue of material fact as to whether plaintiff's religious beliefs were sincere and substantially burdened.

There are also genuine issues of material fact concerning whether defendants' cancelling separate Shi'a Jumu'ah was reasonably related to legitimate penological interests. A regulation that burdens a protected right must be reasonably related to legitimate penological interests to pass constitutional muster. Salahuddin v. Goord, 467 F.3d at 274. Courts evaluate four factors in determining reasonableness:

> [i] whether the challenged regulation or official action has a valid, rational connection to a legitimate governmental objective; [ii] whether prisoners have alternative means of exercising the burdened right; [iii] the impact on guards, inmates, and prison resources of accommodating the right; [iv] and the existence of alternative means of facilitating exercise of the right that have only a de minimis adverse effect on valid penological interests.

Salahuddin v. Goord, 467 F.3d at 274 (citing Turner v. Safley, 482 U.S. 78, 90–91 (1987) (footnote omitted)).

Here, only two months after it first cancelled separate Shi'a Jumu'ah, DOCCS decided "the separate Jumu'ah services could resume under the circumstances present at Sing Sing at that time, without jeopardizing the safety and security of the prison, without great financial cost, and without obstructing the smooth administration of the facility." (Capra Decl. ¶ 16). Moreover, Supt. Capra stated Sing Sing officials, in deciding to resume offering separate Shi'a Jumu'ah, concluded, "the administrative and security obstacles to providing separate services for Shi'a

6

inmates had been addressed and overcome when Sing Sing had first instituted such services."
(Id.).

Defendants nevertheless argue they had a legitimate penological interest in relying on the Settlement Agreement when cancelling separate Shi'a Jumu'ah. But the Settlement Agreement is merely a private agreement requiring DOCCS to provide separate Shi'a Jumu'ah when certain conditions are met. It says nothing about whether DOCCS is constitutionally required to provide separate Shi'a Jumu'ah to other inmates absent those conditions.

Accordingly, summary judgment on plaintiff's First Amendment free exercise claim is denied.

III. Qualified Immunity

Defendants argue they are entitled to qualified immunity on plaintiff's First Amendment free exercise claim.

The Court disagrees.

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). "A qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Salim v. Proulx, 93 F.3d 86, 89 (2d Cir. 1996). "[F]or a right to be clearly established for purposes of a qualified immunity defense, the precise conduct at issue need not previously have been ruled

unlawful." Griffin v. Amatucci, 611 F. App'x 732, 734 (2d Cir. 2015) (summary order) (quoting Zahrey v. Coffey, 221 F.3d 342, 357 (2d Cir. 2000) (alterations in original)).[2]

Here, plaintiff's "right to a reasonable opportunity to worship—by way of separate Jumah services for Shi'ites and Sunnis—was clearly established." Pugh v. Goord, 571 F. Supp. 2d at 512. Moreover, "[t]he Second Circuit has held that qualified immunity is not appropriate at the summary judgment stage where genuine issues of material fact exist as to whether defendants had legitimate penological justifications for denying plaintiffs certain opportunities for religious exercise." Id. (collecting cases).

Defendants argue they are entitled to qualified immunity because their reliance on the Settlement Agreement, as well as DOCCS's Protocol for Shi'ite Muslim Programs and Practices, was objectively reasonable. The Court is not persuaded. At most, defendants raise a genuine issue of material fact best resolved by the factfinder at trial.

Accordingly, summary judgment on the basis of qualified immunity is not warranted.

---

[2] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

**CONCLUSION**

Defendants' motion for summary judgment is DENIED.

Plaintiff and counsel for defendants are directed to appear for a status conference on September 21, 2018, at 12:00 p.m., at which time the Court will set a trial date and a schedule for pretrial submissions.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion. (Doc. #53).

Dated: August 21, 2018
       White Plains, NY

                          SO ORDERED:

                          Vincent L. Briccetti
                          United States District Judge